UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ABBAS ATEIA AL HUSSAINAWEE,<br><br>                    Defendant. | Criminal No. 14-261(21);<br>Civil No. 17-4710 (JRT/BRT)<br><br>**AMENDED MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |

Gregory G. Brooker, Acting United States Attorney, and Karen B. Schommer, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN  55415, for plaintiff.

Abbas Ateia al Hussainawee, No. 18367-041, Great Plains Correctional Institution, P.O. Box 400, Hinton, OK  73047, *pro se* defendant.

Abbas Ateia Al Hussainawee has filed this pro se 28 U.S.C. § 2255 action, moving for a reduction in his sentence on the grounds that certain Bureau of Prison ("BOP") policies amount to unlawful discrimination on the basis of national origin.  (Mot. for Reduction of Sentence, Oct. 16, 2017, Docket No. 1176.[1])  Specifically, he alleges that BOP's policy that deportable aliens are ineligible for the Residential Drug Abuse Program, the Second Chance Act, preferential placement, and certain pre-release programs constitutes discrimination.  (*Id.* at 1-2.)  Al Hussainawee cites 18 U.S.C.

---

[1] Docket numbers refer to *United States v. Mustafa et al.*, Criminal No. 14-261, unless otherwise noted.

§ 3553, which sets forth the factors that a court must consider in imposing a sentence, and the United States Sentencing Guidelines, which state that national origin is not a relevant factor for sentencing. U.S. Sentencing Guidelines Manual ("Guidelines") § 5H1.10 (U.S. Sentencing Comm'n 2016). The Court will deny Al Hussainawee's motion because it is untimely and because it focuses on BOP policy rather than on his sentence.

## BACKGROUND

In 2016, the Court sentenced Al Hussainawee to a 36-month term of imprisonment for Conspiracy, to be served consecutively to a 36-month term of imprisonment for Possession of Methamphetamine. (Judgment, June 23, 2016, Docket No. 820; Judgment, June 24, 2016, Criminal No. 15-3, Docket No. 38.) In sentencing Al Hussainawee, the Court fully considered all of the relevant statutory sentencing factors under 18 U.S.C. § 3553. (*See* Statement of Reasons at 3, June 23, 2016, Docket No. 821.) Specifically, the Court considered a variety of aggravating factors related to the crimes at issue and mitigating factors relating to Al Hussainawee's personal history and granted a significant downward departure. (*Id.* at 3-4.) The Court concluded that the sentence was sufficient, but not more than necessary, to punish him for his criminal conduct. (*Id.* at 4.) Al Hussainawee did not appeal; as such, his convictions became final on July 7 and July 8, 2016. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Clay v. United States*, 537 U.S. 522, 527 (2003).

## DISCUSSION

A federal prisoner may challenge the constitutionality of their sentence by filing a 28 U.S.C. § 2255 motion for post-conviction relief. To be timely, however, the motion

must be filed within one year of the date on which the judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1)-(4) (excepting cases with government-created impediments, newly-recognized rights, or newly-discovered facts).  Al Hussainawee's two convictions became final on July 7 and 8, 2016, and he does not allege any impediments, newly-recognized rights, or newly-discovered facts.  As such, he had until July 8, 2017, to file a § 2255 petition.  Because Al Hussainawee's motion was not filed until October 16, 2017, it is time-barred and must be denied.

Even if it were timely, Al Hussainawee's motion fails to state a claim with regard to the constitutionality of his sentence.  Al Hussainawee alleges that the Court did not factor into his sentence any additional restraint on his liberty that may be imposed because he is a deportable alien.[2]  The Court understands him to mean that he should have enjoyed a downward departure due to alienage – even though the Court already granted him a significant downward departure for other reasons.  Although a court may not consider race and national origin in sentencing, it may – but is not required to – consider alienage as a basis for a downward departure.  *United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001); *cf.* Guidelines § 5H1.10.[3]  However, a court only has the authority to grant a downward departure on that basis if there are "additional facts

---

[2] Al Hussainawee states that he will be detained after completing his sentence because he is a deportable alien, but does not specify whether he has stipulated to deportability, has been adjudicated as deportable, is under an Immigration and Customs Enforcement detainer, or has merely been told by BOP officials that he is deportable.

[3] *See generally* Jason Bent, *Sentencing Equality for Deportable Aliens: Departures from the Sentencing Guidelines on the Basis of Alienage*, 98 Mich. L. Rev. 1320, 1328-32 (2000).

concerning the defendant's individual circumstances to make the particular case atypical or unusual." *United States v. Rodriguez*, 29 F. App'x 406, 407 (8th Cir. 2002) (quoting *Lopez-Salas*, 266 F.3d at 848). Because Al Hussainawee alleged no such circumstances, the Court lacked authority to grant a downward departure on such grounds.

The real thrust of Al Hussainawee's challenge to his sentence, however, is the constitutionality of the BOP's policies barring deportable aliens from certain programs and placement opportunities. Al Hussainawee argues that this denial of access amounts to a de facto sentence increase because participation could possibly lead to early release. That argument must fail. *See Hernandez v. Lindeman*, No. 00-1165, 2002 WL 31163074, at *3 (D. Minn. Sept. 24, 2002). It would be permissible for the Court to liberally construe Al Hussainawee's motion as a 28 U.S.C. § 2241 petition raising a due process or equal protection challenge. *See Castro v. United States*, 540 U.S. 375, 381 (2003). Based solely on the limited facts alleged in the motion, however, the Court is skeptical that such a challenge could succeed.[4] Recharacterizing the motion would therefore fail to advance the goals underlying liberal construction of pro se filings. *See id.* at 381-83. As such, the Court will decline to do so, and will deny Al Hussainawee's Motion for

---

[4] Al Hussainawee alleges discrimination on the basis of race and national origin. But "legal status as a deportable alien is not synonymous with national origin." *United States v. Lopez-Salas*, 266 F.3d 842, 846 n.1 (8th Cir. 2001). "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976). That said, "even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." *Plyler v. Doe*, 457 U.S. 202, 210 (1982). *But see Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (noting BOP's "broad discretion" to choose location of imprisonment); *Hernandez*, 2002 WL 31163074 at *3 & n.4 (noting that some courts have rejected similar equal protection claims).

-5-

Reduction of Sentence because it is an untimely § 2255 motion and it fails to state a claim as to the constitutionality of his sentence.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence [Docket No. 1176] is **DENIED**.  Pursuant to the Federal Rule of Civil Procedure 36, the Memorandum Opinion and Order [Docket No. 1205] had a clerical error and the date the document was signed was incorrect.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 16, 2018                        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                          Chief Judge
                                                         United States District Court